UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| Timeisha Bell,<br><br>     Plaintiff,<br><br> -against-<br><br>Checkr, Inc.,<br>     Defendant(s). | Case No.: 3:25cv1063 |

## COMPLAINT AND DEMAND AND DEMAND FOR JURY TRIAL

Plaintiff Timeisha Bell, by and through counsel, and as for this Complaint against Defendant Checkr, Inc. ("Checkr" or "Bureau"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

1. Plaintiff brings this action for damages arising from Defendant's violations of 15 U.S.C. § 1681 *et seq.*, the Fair Credit Reporting Act ("FCRA").

2. Checkr disbursed such consumer reports (also known as "background reports") about Plaintiff to third parties under a contract for monetary compensation falsely showing Plaintiff had criminal charges.

3. The charges included assault and battery.

4. These charges do not belong to Plaintiff yet Defendant reported them as hers

5. This caused occupational, reputational, emotional, and monetary damage to Plaintiff.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p *et seq*.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred here, the Plaintiff resides here, and the Defendant transacts business here.

## PARTIES

8. Plaintiff is a resident of the State of Virginia, County of Richmond.

9. At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a (c).

10. Defendant Checkr is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

11. Checkr has an address for service at c/o CT Corporation System, 1 Montgomery Street, Suite 2400, San Francisco, CA 94104.

12. Checkr is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

13. At all times material hereto, Checkr disbursed such consumer reports to third parties under a contract for monetary compensation.

## FACTUAL ALLEGATIONS

14. Plaintiff incorporates the above allegations as if set forth here.

Background

15. In or around early March 2025, Plaintiff applied for employment with non-party DoorDash ("Employer").

16. Plaintiff's employment was contingent upon a background check.

Violations

17. Subsequently, Employer received a background check report from Defendant for Plaintiff ("Report").

18. The Report contained false information about Plaintiff.

19. It contained multiple criminal charges.

20. The following criminal information was appearing as Plaintiff's ("Criminal Information"):

   a. Charge: Battery;

   b. Charge: Simple Battery;

   c. Charge: Disorderly Conduct;

   d. Charge: Simple Assault.

21. Yet Plaintiff did not have any of these criminal charges.

22. Plaintiff never had this criminal background or record.

23. This criminal record belongs to another person.

24. On information and belief, on date(s) better known to the Bureau, it issued background report(s) concerning the Plaintiff that included inaccurate criminal data about Plaintiff.

25. This incorrect Criminal Information was supplied to the Employer by the Bureau.

26. It is inaccurate, and certainly misleading, to report Criminal Information.

27. The reporting of some or all of the Criminal Information hindered Plaintiff's employment ability.

28. On or about March 5, 2025, Plaintiff was denied employment by DoorDash due to Defendant's actions.

29. Only when Plaintiff disputed the Criminal Information did Defendant finally remove it.

30. Defendant removed the inaccurate Criminal Information in or about October 2025.

31. The Bureau agreed with Plaintiff that the Criminal Information in her report was not correct.

32. But Plaintiff had been denied employment for all the month sin the interim – March – October.

33. The Bureau violated 15 U.S.C. § 1681e by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's consumer report.

34. The Bureau violated 15 U.S.C. § 1681k(a)(2) by failing to maintain strict procedures designed to ensure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported, it is complete and up to date.

35. The Burau continued to publish and disseminate such inaccurate information to third parties, persons, and entities.

36. The Bureau's reporting of the above-referenced information continued to be inaccurate and materially misleading.

37.     The Bureau did not follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's consumer report.

38.     The Defendant knew or had reason to know the information was inaccurate.

39.     The Defendant was in possession of the documentation of the inaccuracies yet persisted in reporting it anyway.

40.     On information and belief, on a date better known to the Bureau, it prepared and issued credit reports concerning the Plaintiff that included inaccurate and materially misleading information relating to the Criminal Information.

41.     The information published by the Bureau improperly, falsely, and inaccurately characterizes Plaintiff's criminal record.

42.     The Bureau reported this improper and inaccurate information through the issuance of false and inaccurate information and consumer reports that they disseminated to various persons and entities, both known and unknown.

43.     Had the Bureau enacted and followed reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's consumer report, the negative information would not have appeared in Plaintiff's report.

## Additional Damages

44.     As a result of The Defendant's failure to comply with the FCRA, Plaintiff has been damaged.

45.     The Defendant's erroneous reporting also affected and continued to affect Plaintiff's reputation.

46.     Plaintiff suffered damage to her reputation as there were criminal records incorrectly appearing on her background check reports.

47.     This falsity was published to one or more third parties.

48. This negative information reflected poorly upon Plaintiff and is incompatible with the proper exercise of Plaintiff's lawful financial affairs.

49. Plaintiff has, inter alia, suffered damage by loss of time and money in trying to rectify Defendant's willful and negligent actions, loss of employment, reputational harm, a chilling effect on applications for employment, and the mental and emotional pain, anguish, humiliation, and embarrassment of employment denial and having others see the false criminal information.

50. Plaintiff was severely distressed by the ordeal she was put through by the Defendant.

51. When Plaintiff reviewed the inaccurate consumer report, she felt mad, frustrated, and humiliated by the gross inaccuracies and false records.

52. Plaintiff also feared that such reporting could cause further harm.

53. Due to Defendant's actions, Plaintiff had difficulty with sleep and suffered anxiety and stress.

**FIRST CAUSE OF ACTION**
**(Violations of the FCRA as to the Bureau)**

54. Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

55. This is an action for willful and/or negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

56. Specifically, the Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report, also known as a background report, and its files that the Bureau maintained or furnished concerning the Plaintiff.

57. 15 U.S.C. § 1681k(a)(2) requires the Bureau to maintain strict procedures designed to ensure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported, it is complete and up to date.

58. The Bureau violated 15 U.S.C. § 1681k(a)(2) by failing to maintain strict procedures designed to ensure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported, it is complete and up to date.

59. The Bureau had actual notice that the information it provided was likely to have an adverse effect on Plaintiff's ability to obtain employment, as the information was used for background reports of Plaintiff.

60. The Bureau has willfully and recklessly failed to comply with the Act.

61. In the alternative, the Bureau has negligently failed to comply with the Act.

62. The failure of the Bureau to comply with the Act includes but is not necessarily limited to the following:

    a. The failure to establish reasonable procedures to assure the maximum possible accuracy of the information reported;

    b. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    c. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had confirmed it should be deleted; and,

    d. The failure to take adequate steps to verify information the Bureau had reason to believe was inaccurate before including it in the consumer report of the consumer.

63. As a result of the conduct, action, and inaction of the Bureau, Plaintiff suffered damage as described above.

64. The conduct, action and inaction of the Bureau was willful and/or negligent rendering the Bureau liable for actual, statutory, and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. §§ 1681n-1681o.

65. Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

66. WHEREFORE, Plaintiff demands judgment for damages together with attorney's fees and court costs pursuant to 15 U.S.C. §§ 1681n-1681o.

## DEMAND FOR TRIAL BY JURY

67. Plaintiff demands a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from The Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3), 15 U.S.C. § 1681o (a)(2) and 15 U.S.C. § 1640(a)(3); and

g) For any such other and further relief as this Court may deem just and proper.

Dated:  December 26, 2025

**Meridian Law, LLC**
*s/ Aryeh E. Stein*
Aryeh E. Stein, #45895
1212 Reisterstown Road
Baltimore, MD 21208
Phone: 443-326-6011
Fax: 410-653-9061


**Stein Saks, PLLC**
*s/ Eliyahu Babad*
Eliyahu Babad, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
(201) 282-6500 x121
EBabad@SteinSaksLegal.com
*Pending Pro Hac Vice Admission*

*Attorneys for Plaintiff*